**Jose Nasario OLIVA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–094–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 22, 1983.

Matias Morin, Edinburg, for appellant.

Ted Hake, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

In a jury trial, appellant was convicted of murder. Punishment was assessed by the jury at five years imprisonment. We affirm the judgment of the trial court.

In his first two grounds of error, appellant contends that the trial court erred by failing to charge the jury on the law of

both voluntary manslaughter and involuntary manslaughter, thus forcing the jury to choose between convicting appellant of murder and acquitting him altogether.

Mr. Juan Martinez testified that he, appellant, the victim, and others were using cocaine and drinking liquor late on the night of August 17 and 18, 1982. A disagreement arose between the appellant and the victim. The appellant shot the victim.

Appellant testified in his own behalf. He testified that the victim bragged that he had previously shot someone and "only got 120 days," that even the police were afraid of him, and that "he was the 'mafia' [sic] around here." The victim then allegedly threatened to kill appellant, pulled out a pistol and pointed it at appellant, and, in the ensuing struggle, a shot went off. Appellant further stated that the victim then began to choke him and threatened to kill him until he feared for his life; that he knew the victim was a violent person; that the victim "was enraged like he had the devil inside of him;" and that he did not intend to kill the victim. Appellant admitted that he obtained control of the pistol and fired several shots.

Witness Martinez testified that he had not seen the victim strike anyone or make any threats, but conceded that the victim had been bragging about his ability to consume large quantities of liquor and about his reputation as a fighter and "tough guy." He also denied that the victim had become "rowdy" or belligerent, or had produced a pistol, or had engaged in a struggle for control of a pistol.

Dr. Ruben Santos, the pathologist who examined the victim, testified that the victim had at least four gunshot wounds; that his blood alcohol level was so high that he was probably passed out, if not in a coma, at the time he was shot; and that he could not have been alert enough to defend himself after consuming that much alcohol. Although the evidence showed that the victim was very strong and in good physical condition, appellant conceded that he was approximately two inches taller and seventy pounds heavier than the victim.

■ Article 37.08 of the Texas Code of Criminal Procedure (Vernon 1981) authorizes the jury to convict a defendant for a lesser included offense after acquitting the defendant on the greater charge. When evidence *from any* source raises an issue that a lesser included offense may have been committed, the issue must be submitted to the jury. Although voluntary manslaughter is a lesser included offense of murder, the charge on voluntary manslaughter will be required only if there is evidence that the defendant acted under (1) the immediate influence of (2) sudden passion arising from (3) an adequate cause. We must therefore review the record objectively to determine whether a reasonable person would consider the evidence of adequate cause sufficient to render the mind of a person of ordinary temper incapable of cool reflection before we may hold that a charge on voluntary manslaughter was warranted. Thus, a defendant must show that the "passion" was "sudden"—that it was not earlier events which had created the "emotional crisis." In determining this issue, the court may take guidance from cases decided under the former manslaughter statutes. *Hobson v. State,* 644 S.W.2d 473 (Tex.Cr.App.1983).

■ It has been noted that in most cases decided under the old Penal Code, where the Court of Criminal Appeals reversed "for failure to charge on murder without malice, there was evidence of immediate acts of the deceased that enraged the mind of the accused." *Lucky v. State,* 495 S.W.2d 919 (Tex.Cr.App.1973); *McGee v. State,* 473 S.W.2d 11 (Tex.Cr.App.1971). Thus, more than a bare claim of "fear" is required to show sudden passion; however, "fear" rising to the level of "terror" may be sufficient to render the mind incapable of cool reflection. *Daniels v. State,* 645 S.W.2d 459 (Tex.Cr.App.1983). Evidence of "heated words" may help show sudden passion, however. *Ortiz v. State,* 577 S.W.2d 246 (Tex.Cr.App.1979).

■ In the case that is before us, we do not find that the evidence shows that appel-

lant acted under the influence of sudden passion. Appellant testified that he was not drinking, while on the other hand, the deceased became increasingly belligerent. When the deceased produced a pistol, appellant took it away from him. According to appellant, the deceased choked him until he was "about to pass out," at which point he "started shooting and shooting." Nowhere in the record do we find evidence of immediate acts of the deceased which instantaneously "enraged" or "terrorized" the mind of the accused, as in *Daniels v. Lucky,* and *McGee,* supra. Appellant's testimony, if believed, shows that he acted in self defense. It was the deceased, if anyone, who was shown to be acting with sudden passion. The trial judge properly charged the jury on the law of self-defense and did not err by refusing to charge the jury on voluntary manslaughter. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court should have charged the jury on the law of involuntary manslaughter, which is a lesser included offense of both murder and voluntary manslaughter. *Brooks v. State,* 548 S.W.2d 680 (Tex.Cr.App.1977). However, we find no evidence in appellant's testimony that he acted recklessly. When an accused testifies that he shot the deceased in order to ward off the latter's attack, no charge on involuntary manslaughter is warranted. *Stewart v. State,* 587 S.W.2d 148 (Tex.Cr.App.1979); *Brooks v. State,* supra. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the State was improperly allowed to present hearsay evidence when State's witness Juan Martinez testified that another man present at the time of the shooting told appellant to kill the deceased.

Section 19.06 of the Texas Penal Code (Vernon 1974) provides that:

"In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense."

A crime does not occur in a vacuum. All of the evidence of surrounding facts may be properly admitted. Evidence of words spoken during the events surrounding a killing constitute part of the "circumstances surrounding the killing" under Section 19.06, supra. *Nixon v. State,* 587 S.W.2d 709 (Tex.Cr.App.1979). Even if the evidence was hearsay, we would not find reversible error, for "conversations not admissible as hearsay may be admissible to show the statements made, though not the truth of the matter stated, when the making of the statement is relevant on a matter at issue." *Rich v. State,* 510 S.W.2d 596 (Tex.Cr.App. 1974). Finally, the general rule in such situations is that "statements made by third persons in the presence of the accused are admissible in evidence against him where the accused was not under arrest at the time such statements were made." *Cantwell v. State,* 493 S.W.2d 242 (Tex.Cr.App. 1973).

Appellant contends that the deceased committed an unprovoked attack upon him, and that he killed the deceased unintentionally while resisting the attack. The State relied on eyewitness testimony to show that the killing was, in fact, intentional. We hold that the statement was relevant on a matter at issue, and was therefore admissible. All of appellant's grounds of error have been considered and are overruled.

The judgment of the trial court is affirmed.