Ildefonso VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–85–171–CR to 13–85–173–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 13, 1986.

Abel Toscano, Jr., Harlingen, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from one trial resulting in four convictions. The State brought the four charges in three indictments. In No. 13–85–171–CR, a jury found appellant guilty of murder and unlawfully carrying a weapon on licensed premises. The jury assessed sentences of thirty and ten years, respectively. The jury found appellant guilty of murder in No. 13–85–172–CR and assessed a ten-year sentence. Another ten-year sentence was assessed by the jury in No. 13–85–173–CR after the jury found appellant guilty of attempted murder.

All of these offenses were committed at a bar in Olmito, Texas, on August 22, 1984. Shortly after noon, appellant walked into the bar frequented by him and his long-time friends. He had the Colt .45 automatic pistol which he carried when he worked as a security guard tucked in his belt and under his shirt. He testified the gun was for his protection, because he had received threats from his neighbor, who thought he had shot her dogs. She had told him that her husband, Noe Gonzalez, would "take it out on him" at the bar.

In the bar was his neighbor, Noe Gonzalez, and Gonzalez' two nephews, Jaime Cavazos and Miguel Cavazos. These three were the eventual victims who were shot. Other people in the bar were Rogelio Flores, the bar owner, Guadalupe Esquivel, Ascencion Rodriguez, and Ramon Cavazos, another uncle of Miguel and Jaime Cavazos. All of the men in the bar had spent virtually their entire lives in Olmito, and most of them visited the bar on a near-daily basis.

When appellant Villarreal entered the bar, he sat down at a table with Ascencion Rodriguez and Ramon Cavazos. Noe Gonzalez was standing at the bar in front of him, about ten feet away; Jaime Cavazos was sitting at a table to his right; and Miguel Cavazos was playing pool behind him. The testimony is contradictory after this, but the outcome is clear: some time after appellant sat down, he shot Noe Gonzalez dead, shot Jaime Cavazos dead, and seriously wounded Miguel Cavazos. Appellant himself sustained a serious laceration across his head and a dislocated shoulder as a result of Miguel Cavazos breaking a pool cue on him.

Appellant's first three grounds of error complain of the trial court's refusal to charge the jury on voluntary manslaughter, involuntary manslaughter, and criminally negligent homicide. As support for the inclusion of these instructions, appellant points to his own testimony. According to appellant, he had been drinking heavily on the day of the shootings. Shortly after he entered the neighborhood bar and sat down, Noe Gonzalez left his place at the bar, walked toward appellant and said, "You son of a bitch! You killed my dogs!" Gonzalez then crouched down, and appellant thought he made a move toward his waist. Appellant stated the victim was "mad" and usually carried a gun. Jaime Cavazos also began moving toward him, appellant thought. Then, apparently in rapid sequence, appellant stood up, pulled out his gun, was hit in the head, and started firing his gun. Appellant stated that his vision blurred as a result of the blow to his head, and, though he remembered firing his gun, he did not remember hitting anyone. His purpose in shooting was to defend himself.

We find that appellant's testimony did not require the trial court to include any of the requested instructions. In order

to warrant an instruction on voluntary manslaughter, evidence from some source must fairly raise the issue of appellant's acting under the immediate influence of sudden passion arising from an adequate cause. *Luck v. State,* 588 S.W.2d 371, 374 (Tex.Crim.App.1979); *Oliva v. State,* 663 S.W.2d 656, 658 (Tex.App.—Corpus Christi 1983, no pet.); TEX.PENAL CODE ANN. § 19.04 (Vernon 1974). Appellant claims that the blow to his head rendered him incapable of cool reflection and the approach of Noe Gonzalez produced fear in him that *could have* risen to the level of terror. Appellant cites *Roberts v. State,* 590 S.W.2d 498, 501 (Tex.Crim.App.1979). Appellant does not claim here on appeal, nor did he testify at trial, that he was terrified beyond an ability to coolly reflect on his actions. *See Bradley v. State,* 688 S.W.2d 847, 852 (Tex.Crim.App.1985). The trial court correctly included an instruction on self-defense but was not required to instruct the jury as appellant requested.

■ We likewise find that appellant's testimony fails to raise issues on involuntary manslaughter or criminally negligent homicide. A charge of involuntary manslaughter requires evidence that appellant acted recklessly; that is, with conscious disregard of a substantial and justifiable risk that the circumstances exist or the result will occur. *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App.1984); TEX. PENAL CODE ANN. §§ 19.05, 6.03(c) (Vernon 1974). A charge of criminally negligent homicide is required only when evidence fairly raises the question of whether appellant acted with criminal negligence; that is, whether he ought to have been aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Lugo* at 147; TEX.PENAL CODE ANN. §§ 19.07, 6.03(d) (Vernon 1974).

■ Recklessness and criminal negligence are not raised by appellant's testimony. He testified that he pulled out his gun and started shooting because he thought he was being attacked. Nowhere does appellant claim that he did not intend to hit his victims when he fired. He did testify, "I had no intention of shooting anybody," but this was in response to the cross-examiner's inquiry into why he took the gun into the bar. The testimony of an accused that he fired his gun to ward off an attack does not warrant a charge on involuntary manslaughter. *Stewart v. State,* 587 S.W.2d 148, 151 (Tex.Crim.App.1979); *Oliva,* 663 S.W.2d at 659. Likewise, appellant's testimony fails to suggest the requisite mental state for criminal negligence. *See Ross v. State,* 658 S.W.2d 846, 849 (Tex.App.—Fort Worth 1983), *aff'd* 678 S.W.2d 491 (Tex. Crim.App.1984). We have searched the record for any other evidence which would raise one of the lesser included offenses of murder and find none.

■ Appellant contends in his fourth ground of error that his sentences of thrity and ten years in No. 13–85–171–CR should have been ordered to run concurrently instead of consecutively. However, the substance of his complaint appears to be that he was convicted of two offenses charged in a single indictment. Appellant did not object at trial, or before trial by a motion to quash, to the joinder of the charges for murder and unlawfully carrying a weapon on licensed premises. The only objection to the joinder was an oral objection during a hearing on appellant's motion for new trial. That objection did not mention the conviction; it merely complained that the sentences were ordered to run consecutively, rather than concurrently.

Despite the inadequacy of appellant's complaints to the trial court and on appeal, we may not allow the conviction for unlawfully carrying a weapon on licensed premises to stand. *Drake v. State,* 686 S.W.2d 935 (Tex.Crim.App.1985), has declared that reversible error occurs when the State is allowed two convictions from the same indictment. Where the two convictions arise from different transactions, complaints may be waived if not presented to the trial court; however, where both convictions stem from a single transaction, the error may be raised for the first time on appeal. *Drake* at 944.

The appellant in this case entered the neighborhood bar carrying a weapon. After he shot his three victims, he was indicted by one instrument for the weapons violation and one of the shootings. "From these facts, it is evident that the offenses arose out of the same transaction." *Ex parte Ellison,* 699 S.W.2d 218, 219 (Tex. Crim.App.1985); *but see Uribe v. State,* 573 S.W.2d 819, 820–21 (Tex.Crim.App. 1978). Only one conviction and one punishment may result from an indictment which charges two non-property offenses out of one transaction. *Ex parte Ellison* at 219; *Ex parte Siller,* 686 S.W.2d 617, 618 (Tex. Crim.App.1985).

The judgment and sentence in No. 13–85–171–CR shows that appellant was convicted of the murder of Jaime Cavazos, Count I of the indictment, before he was convicted of the weapons violation charged in Count II. The conviction and sentence for carrying a weapon on licensed premises is void, and the judgment of the trial court is deleted as to that conviction.

In view of our disposition of appellant's conviction for the weapons violation, it is unnecessary to discuss his contention that the two sentences in No. 13–85–171–CR were ordered to run consecutively.

Appellant asserts in his fifth ground of error that the trial court improperly refused to allow him to impeach his own witness. After Ascencion Rodriguez had testified that he did not hear Noe Gonzalez tell the appellant that he had a gun, appellant's attorney twice attempted to impeach Rodriguez by proving that Rodriguez had made a prior inconsistent statement. The State's objections to these attempts were sustained.

Before being allowed to impeach his own witness, an attorney or party is required to establish the proper predicate. In such a situation, there are two showings which must be made: 1) the witness must testify to facts injurious to the party's case; 2) the party must demonstrate surprise by showing, outside the presence of the jury, prior conversations with the witness or prior inconsistent statements made by the witness. *Goodman v. State,* 665 S.W.2d 788, 791 (Tex.Crim.App.1984); *Rodriguez v. State,* 661 S.W.2d 332, 334 (Tex.App.—Corpus Christi 1983, pet. ref'd).

Injury to a party's cause is not shown merely by the witness' failure to testify as expected. *Goodman* at 792; *Puckett v. State,* 640 S.W.2d 284, 287 (Tex.Crim.App. 1982). Neither is injury shown by a witness' denial of a relevant fact, where the calling party has offered no evidence to prove that fact. *Goodman* at 792.

Surprise is not shown by claiming surprise. *Puckett* at 287. It is a question of law for the court and should be raised by requesting a hearing on the issue outside of the jury's presence. *Goodman* at 791.

In the instant case, appellant requested no hearing, failed to point out any injury to his cause, and made no showing of surprise. Appellant's attorney merely argued, when faced with the State's objection, that he should be allowed to point out that the witness made prior inconsistent statements to the police. He stated that he did not expect the witness to testify he did not hear Noe Gonzalez say he had a gun. This argument is precisely the type of showing our appellate courts have found insufficient. The proper predicate for impeaching his witness was not laid.

The judgment and sentence of the trial court in No. 13–85–171–CR is modified to delete the conviction for unlawfully carrying a weapon on licensed premises and, as modified, is affirmed. The judgment and sentence of the trial court in No. 13–85–172–CR and the judgment and sentence of the trial court in No. 13–85–173–CR are affirmed.