Aron **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–064–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 23, 1987.

Eric Brown, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of murder and punishment was set by the jury at sixty years confinement in the Texas Department of Corrections. We reverse the judgment of the trial court and remand for a new trial.

By his first point of error, appellant contends that the trial court erred in refusing to submit the lesser included offense of involuntary manslaughter in its charge to the jury over appellant's request and objection. Appellant argues that there was suf-ficient evidence to raise the issue of involuntary manslaughter. We agree.

A charge of a lesser included offense *must* be given if the requested charge is necessarily included within the proof required to establish the offense charged, and there is some evidence to show that if the accused is guilty, he is guilty only of the lesser included offense. *Thomas v. State*, 699 S.W.2d 845, 847 (Tex. Crim.App.1985); *Smith v. State*, 721 S.W. 2d 524, 526 (Tex.App.—Corpus Christi 1986, no pet.).

In order to warrant an instruction on involuntary manslaughter, evidence from some source must show that appellant recklessly caused the death of another; that is, with conscious disregard of a substantial and justifiable risk that the circumstances exist or the result will occur. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim.App.1984); Tex.Penal Code Ann. §§ 19.05, 6.03(c) (Vernon 1974). Therefore, since involuntary manslaughter requires a lesser culpable mental state on the part of the defendant, it is by definition a lesser included offense of murder. *Lugo*, 667 S.W.2d at 147; *Goodwin v. State*, 694 S.W. 2d 19, 27 (Tex.App.—Corpus Christi 1985, pet. ref'd).

Although the thrust of the State's evidence adduced at trial was that appellant intentionally or knowingly caused the death of the deceased, appellant's testimony served to negate the State's theory concerning the culpability level involved. Appellant admitted at trial that he shot and killed the deceased. However, appellant testified that he did not intend to hit Armando. Appellant's testimony at trial was as follows:

Q. Is that when you fired?

A. That's when I fired and I didn't aim to hit him, you know.

Q. Were you trying to scare him away. Were you trying to scare him away?

A. Yes, sir.

The record also reflects that upon returning home, appellant told his wife that he had shot at the deceased, but that he didn't know whether he had hit him. Fur-

thermore, Arnold Perez, the deceased's brother, testified that appellant could have just as easily hit him or Resendez as the deceased.

■ The Court of Criminal Appeals has addressed this issue frequently in recent years and has invariably held that the lesser included offense of involuntary manslaughter should be given in the court's charge to the jury where the defendant's testimony, no matter how weak or strong, raises the issue of "recklessness."

In *Lugo*, 667 S.W.2d at 149, the Court held that a jury could have reasonably concluded that the defendant, in pointing a loaded rifle at his wife in an attempt to persuade her to give him the car keys, constituted a conscious disregard of a substantial and unjustifiable risk. In *Salinas v. State*, 644 S.W.2d 744, 746 (Tex.Crim. App.1983), the Court found that the defendant's testimony that the gun accidently discharged, that he was not aiming the gun at anyone, that he did not intentionally pull the trigger, and that he did not even know the deceased had been shot was sufficient to raise the issue. Moreover, in *Giles v. State*, 617 S.W.2d 690, 691 (Tex.Crim.App. 1981), the Court stated the following language in defendant's confession was sufficient to warrant an instruction concerning involuntary manslaughter: "I took the gun out of my pocket and pointed the gun at Ira. The gun went off, and Ira slumped over."

■ There is no question here that appellant was aware of the risk when he pointed a gun at the deceased, knowing it was loaded. Appellant testified to that effect. We do find, however, that the appellant's testimony raises a question of whether he acted "recklessly" or "knowingly" or "intentionally" when he fired the gun at the deceased.

Although the State relies on *Villarreal v. State*, 706 S.W.2d 689 (Tex.App.—Corpus Christi 1986, no pet.), where we found no reversible error for refusing to give an instruction on involuntary manslaughter, the instant case is factually distinguishable. In *Villarreal,* the defendant testified he fired his gun to ward off an attack, but nowhere *did he claim that he did not intend to hit his victims when he fired.* (emphasis ours) *Id.* at 691. In this case, however, appellant has expressly testified that he did not intend to hit the deceased, but was merely trying to scare him away. Under these facts, an instruction is required.

■ The fact that the court's charge contained instructions on both murder and voluntary manslaughter does not obviate the need for an instruction on involuntary manslaughter. Each contains different elements and the appellant is entitled to an instruction on any defensive issue raised by the evidence. It is within the province of the jury, as the sole trier of fact, to believe all or part of the conflicting testimony proffered and introduced by either side and to decide for which crime, if any, appellant is guilty.

We find that the evidence was sufficient to raise the issue of whether the lesser included offense of involuntary manslaughter may have been committed. *Schoelman v. State*, 644 S.W.2d 727, 734 (Tex.Crim. App.1983); *Smith,* 721 S.W.2d at 528; *cf. Hayes v. State*, 728 S.W.2d 804, 809–10 (Tex.Crim.App.1987); *Bell v. State*, 693 S.W.2d 434, 444 (Tex.Crim.App.1985). Appellant's first point of error is sustained.

■ By his second point of error, appellant contends that the trial court erred in overruling his objection that the prosecutor improperly commented on the weight of the evidence during jury selection. The following remarks form the basis of the complaint:

STATE'S COUNSEL: The Court's charge may also provide you and I don't know about this, because I haven't heard the evidence either on possible defenses. There are a number of possible defenses to a murder case. In this case the defense may be accident. That it was an accidental shooting. Or it may be self defense. Or it may be something else. Those defenses have been thoroughly considered by the State and have been rejected. And we are prosecuting this case.

APPELLANT'S COUNSEL: I object to that line of voir dire. That's a comment on the wait (sic) of the evidence.

COURT: Again anything that attorneys tell you is not evidence. Okay the evidence will come to you. I'm going to overrule the objection. The evidence will come to you from live witnesses. And any physical evidence that may be introduced. Another objection, Mr. Diaz?

APPELLANT'S COUNSEL: Yes, Your Honor. I vehemently object to that line of questioning, because he says, "I have considered the evidence," Your Honor. "And we have rejected those defenses." In other words, that's a comment on the evidence[,] Your Honor.

COURT: Well, again anything any of the attorneys tell you, unless they sit down here [and] swear to tell the truth is not evidence. Okay. Let's proceed.

Appellant's objection in this case that the statement of the prosecutor on voir dire was a comment on the weight of the evidence was not a proper objection. No evidence had been admitted to be weighed at the time the improper statement was made. The proper objection would be that the district attorney had no authority to accept or reject a defense and that such statement was highly improper and prejudicial as an attempt to invade the province of the jury.

The failure to make a proper objection to such a statement will generally waive the error absent a showing the statement in question was so prejudicial that it could not have been cured by an instruction to disregard. *See Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982); *Zaiontz v. State*, 700 S.W.2d 303, 307 (Tex.App.—San Antonio 1985, pet. ref'd.). We find no reversible error. Appellant's second point of error is overruled.

By his third point of error, appellant contends the trial court erred in overruling a second objection that the prosecutor injected his personal opinion about appellant's guilt when he made the statement above. In examining the record, however, we find that the trial court never made a ruling on appellant's objection. Absent an adverse ruling of the trial court, which

appears in the record, no error is preserved for review on appeal. *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim.App.1986); *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim. App.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). Appellant's third point of error is overruled.

Having sustained appellant's first point of error, we reverse and remand the case for a new trial.