Opinion issued December 29, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00998-CR




JARED LLOYD SHANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 941654




O P I N I O N

          A jury convicted appellant, Jared Lloyd Shanklin, of murder and assessed his
punishment at 60 years in prison. We determine (1) whether appellant’s defense
counsel rendered ineffective assistance of counsel during the guilt-innocence and
punishment stages of trial and (2) whether the trial court improperly admitted the trial
prosecutor’s affidavit at the hearing on appellant’s motion for new trial. We affirm
the conviction, but reverse and remand the cause for a new punishment hearing. 
Background
          On November 18, 2002, appellant and his friends, John Shanklin and Darrell
Willis, went to a night club. While in the nightclub, appellant and the complainant
got into an altercation. When the night club closed, appellant and the complainant
met outside and continued their argument. The altercation ended when appellant shot
the complainant two times at close range, killing him. Shortly thereafter, police on
the scene arrested appellant.
          At trial, appellant raised the defenses of self-defense and defense of a third
person. After the jury convicted him of murder, appellant filed a motion for new trial
alleging ineffective assistance of counsel. The trial court conducted the motion for
new trial hearing by affidavits. Appellant’s defense counsel filed an affidavit stating
that a number of his decisions provided ineffective assistance of counsel and were not
the result of any reasoned trial strategy. The State filed a controverting affidavit
executed by the trial prosecutor. At the end of the hearing, the trial court overruled
appellant’s motion for new trial. 
 
Ineffective Assistance of Counsel at Trial
          In his first point of error, appellant argues that his defense counsel rendered
ineffective assistance of counsel during the guilt-innocence stage of trial. 
Specifically, appellant argues that the following actions demonstrate ineffective
assistance: (1) defense counsel failed to request the lesser included offenses of
manslaughter and aggravated assault; (2) defense counsel did not elicit testimony
from appellant that appellant was not trying to kill anyone; and (3) defense counsel
failed to properly object to the State’s closing argument.
A.      Standard of Review
          Both the United States and Texas Constitutions guarantee an accused the right
to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). This right includes the right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show
that (1) trial counsel’s representation fell below an objective standard of
reasonableness, based on prevailing professional norms; and (2) the result of the
proceeding would have been different but for trial counsel’s deficient performance. 
Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67; see also Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant has the burden of proving his
claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). We apply a strong presumption that trial counsel was
competent. Thompson, 9 S.W.3d at 813. We presume counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We analyze
appellant’s ineffective assistance of counsel issue as a challenge to the denial of his
motion for new trial. See Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004) (holding appropriate standard of review for ineffective assistance claim based
upon affidavits brought forth in motion for new trial is abuse of discretion). In such
circumstances, we review the Strickland test through an abuse of discretion standard. 
Id. at 208. Thus, we reverse only if the trial court’s decision is arbitrary or
unreasonable, viewing the evidence in the light most favorable to the ruling. 
B.      Lesser Included Offenses
1. Manslaughter
          In his first sub-point of his first point of error, appellant argues that his defense
counsel should have requested an instruction on the lesser included offense of
manslaughter and that his failure to do so was ineffective assistance of counsel. He
contends that defense counsel’s affidavit demonstrates that his decision not to request
the lesser offense was not the result of trial strategy. 
          To establish his claim that defense counsel’s performance was deficient for
failing to request an instruction on the lesser included offense of manslaughter,
appellant must show that he was entitled to the instruction. Fuentes v. State, 991
S.W.2d 267, 272 (Tex. Crim. App. 1999). A defendant is entitled to an instruction
on a lesser included offense when the proof for the offense charged includes the proof
necessary to establish the lesser included offense, and there is some evidence in the
record that would permit a jury rationally to find that if the defendant is guilty, he is
guilty only of the lesser included offense. Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994) (citing Rousseau v. State, 855 S.W.2d 666, 672–73 (Tex. Crim.
App. 1993)). Anything more than a scintilla of evidence is sufficient to entitle a
defendant to a lesser charge. Bignall, 887 S.W.2d at 23. 
          A conviction for manslaughter requires a finding that the defendant recklessly
caused the decedent’s death. Tex. Pen. Code Ann. § 19.04 (Vernon 2003). “A
person acts recklessly, or is reckless, with respect to . . . the result of his conduct
when he is aware of but consciously disregards a substantial and unjustifiable risk
that . . . the result will occur.” Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003). A
manslaughter charge is required if there is any evidence from which a jury could
conclude the defendant did not intentionally or knowingly kill an individual, but
consciously disregarded a substantial and unjustifiable risk that the result would
occur. Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984). “[A] defendant
may be shown to be guilty only of the lesser offense if the evidence presented is
subject to different interpretations.” Saunders v. State, 840 S.W.2d 390, 392 (Tex.
Crim. App. 1992). Moreover, it is immaterial whether the evidence fits within the
larger theme of the defendant’s testimony, whether it was admitted by the State or the
defense, and whether it is “strong or weak, unimpeached or contradicted.” Jones v.
State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).
          Neither of the parties disputes that manslaughter is a lesser included offense
of murder. See Schroeder v. State, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). We
thus determine if there is some evidence in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the lesser included
offense of manslaughter. See Bignall, 887 S.W.2d at 23.
          In Hernandez v. State, appellant testified that although he shot and killed the
deceased, he did not intend to hit the deceased, but rather tried to scare him away. 
742 S.W.2d 841, 842–43 (Tex. App.—Corpus Christi 1987, no pet.). The court of
appeals held that this evidence was sufficient to warrant an instruction on
manslaughter. Id. at 843. 
          The facts here are similar to those in Hernandez. Appellant testified that while
a group of men were hitting his friend, he shot in the group’s direction. He also
stated, “I knew that I couldn’t go over there and physically fight with him. So I felt
like that was the only thing I could do is shoot in that direction and scatter everything
and just calm it down so I could give him the chance to get away from all of that.” 
Appellant further stated that he shot while he was getting up from the ground and that
he was not sure whether he shot high or low. He also admitted that he could have
shot his friend because he was not sure of where he was aiming. Appellant was
asked, “you weren’t shooting at anybody, were you?” To which appellant responded,
“No.” He agreed that he was just shooting into the crowd blindly. After he shot,
appellant did not realize that he had shot anyone.
          In light of the testimony presented, we hold that there is some evidence that
appellant acted recklessly and that the jury could have rationally found that appellant,
if guilty, was guilty only of manslaughter. See Hernandez, 742 S.W.2d at 843. 
Construed in the light most favorable to appellant, the evidence presented shows that
appellant did not intend to kill the complainant, but rather to scatter the group of men
who were hitting his friend. Accordingly, we conclude that appellant was entitled to
an instruction on the lesser included offense of manslaughter. 
          In addition to showing that he was entitled to the lesser included offense,
however, appellant must show that his defense counsel’s conduct was deficient, i.e.,
that it fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67. We
presume counsel’s actions and decisions were reasonably professional and motivated
by sound trial strategy. Jackson, 877 S.W.2d at 771.
          At the motion for new trial hearing, appellant’s defense counsel submitted an
affidavit that stated that his failure to request the lesser included offense of
manslaughter was not the result of any reasoned trial strategy. We have recently held
that such an affidavit from defense counsel defeats the presumption that defense
counsel was employing a reasonable trial strategy. See Biagas v. State, No.
01–03–00628–CR, 2005 WL 267659, at *6 (Tex. App.—Houston [1st Dist.] Feb. 3,
2005, pet. ref’d). Although defense counsel’s affidavit rebuts the presumption that
defense counsel had a reasonable strategy in choosing his course of action, appellant
must still show that his defense counsel rendered a deficient performance. See
Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67. 
          We cannot conclude that defense counsel acted deficiently in failing to request
the lesser included offense of manslaughter. Although defense counsel stated that his
failure to request this lesser included offense was not the result of trial strategy, his
affidavit provides no explanation regarding why he chose not to ask for the lesser
offense and no live testimony was presented on this issue. We assume a strategic
motive if any can be imagined; and we find counsel’s performance deficient only if
the conduct was so outrageous that no competent attorney would have engaged in it. 
See Bone v. State, 77 S.W.3d 828, 833–34 n.13 (Tex. Crim. App. 2002). 
          As the State points out, appellant’s defense counsel may have decided not to
ask for the lesser included offense because he did not want the jury to consider
inconsistent defenses


—defense of a third person and manslaughter—each of which
requires a different mens rea. Self-defense and defense of a third person require an
intentional or knowing intent; manslaughter requires reckless intent. See Tex. Pen.
Code Ann. §§ 9.31, 9.33, 19.04 (Vernon 2003). Here, the evidence raised the issues
of self-defense and defense of a third person, and the jury received instructions on
these defenses. By not asking for an instruction on the lesser included offense of
manslaughter, the jury could convict appellant of murder, find that he acted in self-defense of himself or of a third party and acquit, or find him not guilty and acquit. 
This strategy is known as pursuing an all-or-nothing strategy. See Lynn v. State, 860
S.W.2d 599, 603 (Tex. App.—Corpus Christi 1993, pet. ref’d). Defense counsel does
not act deficiently in failing to request a lesser included offense if he was pursuing
an all-or-nothing trial strategy. See Ex Parte White, 160 S.W.3d 46, 55 (Tex. Crim.
App. 2004); Lynn, 860 S.W.2d at 603 (requiring a jury to opt between murder and
acquittal, although risky, is sometimes successful). We therefore conclude that
defense counsel’s decision not to request the lesser included offense of manslaughter
was not so outrageous that no competent attorney would have engaged in it. See
Bone, 77 S.W.3d at 833–34 n.13.
          We also observe that there were good reasons for defense counsel to pursue an
all-or-nothing strategy in this case, the most important of these is that the facts were
more consistent with an intentional killing in defense of self and others. The record
shows that the complainant was shot twice at close range; one bullet entered his head
traveling slightly upward, and one bullet entered his abdomen traveling slightly
downward. Thus, the shooting itself was more consistent with appellant intentionally
shooting the complainant, rather than shooting blindly toward a crowd. Appellant
told his brother, John, at the station shortly after the offense that he had shot the
complainant in self-defense. Appellant told Officer Moreno that he felt he was
defending Darrell Willis, a very sympathetic victim because of his disability. Thus,
the record supports defense counsel’s not having requested a lesser instruction for
manslaughter.
          Moreover, the trial court has “discretion to discount factual assertions in an
affidavit by an interested party.” Charles, 146 S.W.3d at 210. The trial judge may
view defense counsel’s affidavit with skepticism because it was not supported by any
offer of live testimony, subject to cross-examination. See id. at 213. As an appellate
court, we must defer to the trial court’s ruling to the extent that any reasonable view
of the record evidence supports the ruling. Id. at 212. Here, because the trial court
could disbelieve defense counsel’s affidavit, by finding that defense counsel was
employing a reasoned trial strategy, we conclude that the trial court did not abuse its
discretion in denying appellant’s motion for new trial.
          We overrule appellant’s first sub-point of his first point of error.
          2.       Aggravated Assault
          In his second sub-point of his first point of error, appellant argues that his
defense counsel should have requested the lesser included offense of aggravated
assault. At trial, there was no dispute that appellant caused the death of the
complainant. A murder defendant is not entitled to an instruction on the lesser
included offense of aggravated assault when the evidence showed him to be guilty of
a murder. Forest v. State, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999). Because
there was no evidence from which a rational jury could conclude that appellant did
other than cause the death of the complainant, appellant cannot satisfy the second,
“guilty only,” prong of the Royster test. See Royster v. State, 622 S.W.2d 442, 446
(Tex. Crim. App. 1981). Thus, appellant’s defense counsel did not act deficiently in
failing to request the lesser included offense of aggravated assault. See Jackson v.
State, 992 S.W.2d 469, 474–75 (Tex. Crim. App. 1999). The trial court did not abuse
its discretion in denying appellant’s motion for new trial on this basis.
          We overrule appellant’s second sub-point of his first point of error.
C.      Failure to Elicit Testimony 
          In his third sub-point of his first point of error, appellant argues that his defense
counsel provided ineffective assistance by not eliciting testimony regarding
appellant’s lack of intent to kill. Appellant asserts that his defense counsel knew
before trial that appellant did not intend to kill anyone when he fired his gun. 
Appellant maintains that if this key piece of evidence had been elicited, the testimony
would have raised the lesser included offenses of manslaughter and aggravated
assault. Appellant specifically contends that:
In the event this Court finds that Appellant’s testimony did not
raise the lesser offenses of manslaughter and/or murder [sic], [we]
must find that defense counsel’s failure to elicit from Appellant
that he did not intend to kill anyone when he fired, having been
put on notice of this fact in advance of trial, was objectively
deficient conduct that was not, by his own admission, the result
of any reasoned trial strategy. 

          Having concluded that appellant was not entitled to an instruction on
aggravated assault and that defense counsel had a sound strategy for not requesting
an instruction on manslaughter, it would have been inconsistent with appellant’s
defenses of self-defense and defense of a third party to present evidence that appellant
did not intend to shoot the complainant. Therefore, defense counsel was not deficient
for not eliciting such evidence. 
          We overrule appellant’s third sub-point of his first point of error.
D.      Improper Closing Argument
          In his fourth sub-point of his first point of error, appellant argues that his
defense counsel rendered ineffective assistance of counsel by failing to specifically
object to the State’s closing argument. Appellant asserts that the following closing
argument by the State was improper:State: Now, if you believe that he’s getting beat up and his
friends are getting beat up by all those people, you’ve got
to figure out, could he retreat and was deadly force being
used against him?
 
Still the answer is, no, there was no deadly force being
used against him or Darrell.
 
Defense counsel:  Judge, I would have to object again. 
 
Court:                   Counsel, this is closing arguments. You’re overruled.
 
Defense counsel:  May I state my objection?
 
Court:                   Counsel, privately you can; but you’re just making
arguments before the jury and you’ve made your argument.

After the jury went to deliberate, appellant’s defense counsel stated:
Defense Counsel: The objection was just that it was a misstatement of the law
in that in protecting a third party, the defendant has no duty
to retreat. And she said that he does. In protecting a third
party, the defendant does not have a duty to retreat. In fact,
it’s reversible error to even put it in the charge. 
 
Court:                   So what are you asking me to do?
Defense Counsel: Well, I wanted to make the objection, then. I don’t know
what we can do now.
 
Court:                   Well, I mean, I don’t know. I’ve heard your objection. 
What do you want me to do?
 
Defense Counsel: Well, it’s in the record. That’s all I can do.
Court:                   Okay. It’s in the record. 
          Appellant asserts that the State’s closing argument incorrectly stated the law
of defense of a third person. See Tex. Pen. Code Ann. § 9.33 (Vernon 2003). 
Appellant argues that he was prejudiced because defense counsel allowed the
“prosecutor to denigrate the defensive theory that he did raise—defense of a third
person—by failing to take prompt corrective action when she misstated the law
impacting it.” 
          Proper jury argument generally falls into one of four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) responsive
arguments; and (4) pleas for law enforcement. See Coble v. State, 871 S.W.2d 192,
204 (Tex. Crim. App. 1993). Jury argument exceeding these bounds constitutes error. 
Id.
          The State does not contest that the prosecutor misstated the law as it relates to
defense of a third person, but argues that any error was caused by the trial court and
not by appellant’s defense counsel. Nevertheless, we cannot conclude that the State
misstated the law during closing argument. The statement made by the State listed
one of the elements of self-defense. See Tex. Pen. Code Ann. § 9.32 (Vernon 2003). 
The evidence raised the issue of self-defense, and the jury charge included an
instruction on self-defense. The State was entitled to argue that appellant did not
retreat in regard to self-defense. Although the prosecutor’s argument combined self-defense and defense of a third party, the retreat portion was used only in application
of the self-defense theory, “you’ve got to figure out, could he retreat and was deadly
force being used against him.” Accordingly, appellant has not shown that defense
counsel acted deficiently. 
          We overrule appellant’s fourth sub-point of his first point of error. 
Ineffective Assistance At Punishment Stage 
          In his second point of error, appellant argues that his defense counsel provided
ineffective assistance of counsel during the punishment stage of trial. Specifically,
appellant argues that defense counsel failed to investigate 20 potential witnesses or 
to call them to testify during the punishment stage of trial.
          At the motion for new trial hearing, appellant proffered 20 affidavits from
witnesses who were willing to testify on his behalf. The affidavits were by
appellant’s mother, father, sister, brother, fiancee, counselor, aunt, and friends. 
Nearly all affidavits represented that the witnesses would have testified that they had
known appellant for various lengths of time, they were never contacted by appellant’s
defense counsel, they would have testified had they been requested to, and they would
have asked the jury to consider the minimum punishment. Most of the witnesses also
stated that they were aware of appellant’s previous record and that this knowledge
would not have affected their testimony. 
          Appellant’s defense counsel also submitted an affidavit at the motion for new
trial hearing. His affidavit stated that he “did not conduct any meaningful
investigation as regards [to] the punishment stage of [appellant’s] case.” He further
testified that he knew that appellant’s mother, father, fiancee, and business partner
were available to testify, but he neither interviewed them nor called any of them to
testify. Although he does not articulate a reason for not interviewing or calling any
witnesses to testify besides appellant, he concludes that his failure to conduct an
investigation of the witnesses or call any of them to testify was not the result of any
reasoned trial strategy. 
          Relying on Ortiz v. State, 866 S.W.2d 312, 315 (Tex. App.—Houston [14th
Dist. 1993, pet. ref’d), the State responds that defense counsel’s choice of which
witnesses to call is trial strategy. The State asserts that defense counsel’s decision to
call only appellant to testify was sound trial strategy because it focused the jury’s
attention on appellant’s testimony. In Ortiz, the trial court conducted a non-jury
punishment hearing in which the court had before it a pre-sentence investigation
report containing many letters from friends and relatives attesting to appellant’s good
character. See id. at 315. The Fourteenth Court of Appeals found no ineffective
assistance when defense counsel called only the appellant to testify at the punishment
hearing. The facts in this case are clearly distinguishable from the facts in Ortiz. 
Here, punishment was assessed by a jury, and the jury did not have the benefit of a
sentencing report containing any letters from appellant’s friends and family. 
          The facts of this case are much more analogous to the facts in Milburn v. State,
15 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). In Milburn, the
motion for new trial hearing demonstrated that defense counsel decided not to
interview or call any witnesses because of trial strategy—namely, in his experience,
juries do not place much weight on the testimony of family members. Id. at 270. The
evidence showed that 20 witnesses were available to testify for appellant; defense
counsel never interviewed them or asked them to testify; they would have testified if
asked; and they would have asked the jury to consider a minimum sentence. These
witnesses were also aware of appellant’s probation and stated that their testimony
would not have changed as a result. The court of appeals rejected defense counsel’s
reason as sound trial strategy and held that defense counsel’s performance at the
punishment phase fell below the professional norm of reasonableness. Id. at 271. 
          We agree with the State that the decision whether to present witnesses is
largely a matter of trial strategy. See Rodd v. State, 886 S.W.2d 381, 384 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). Moreover, an attorney’s decision not to
present particular witnesses at the punishment stage may be a strategically sound
decision if the attorney bases it on a determination that the testimony of the witnesses
may be harmful, rather than helpful, to the defendant. See Weisinger v. State, 775
S.W.2d 424, 427 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d) (holding that it
is trial counsel’s prerogative, as a matter of trial strategy to decide which witnesses
to call). However, a failure to uncover and present mitigating evidence cannot be
justified as a tactical decision when defense counsel has not conducted a thorough
investigation of the defendant’s background. Wiggins v. Smith, 539 U.S. 510, 521,
123 S. Ct. 2527, 2535 (2003); Rivera v. State, 123 S.W.3d 21, 31 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The record here clearly shows that
defense counsel not only failed to call any other witnesses besides appellant, but also
did not investigate punishment witnesses to determine whether they could provide
meaningful testimony. We thus follow Wiggins, Rivera, and Milburn and agree that
defense counsel’s failure to investigate and call any punishment witnesses amounts
to deficient performance. Accordingly, appellant has satisfied the first prong of
Strickland. 
          We must now determine the prejudicial impact of defense counsel’s deficient
performance under the second prong of Strickland, specifically whether there is a
reasonable probability that the jury’s assessment of punishment in this case would
have been less severe in the absence of defense counsel’s deficient performance. See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Rivera, 123 S.W.3d at 32.
          During the punishment phase of trial, the State presented the testimony of 
Cassandra Sampson, the complainant’s aunt. She explained how the complainant’s
death had devastated the family and testified that it was a very difficult time. She also
testified that the complainant left three surviving children. The State then offered a
stipulation of evidence concerning appellant’s criminal history. After the State
rested, defense counsel called appellant to testify. Appellant testified that he was
sorry for what had happened and sorry to have put his family through this ordeal. 
Defense counsel called no other witnesses to testify on appellant’s behalf. He did,
however, introduce exhibit two, an order dismissing a former cause and terminating
probation. 
          The State emphasized during closing argument that appellant should not
receive probation because he had not abided by it before. The State did not suggest
a specific amount of penitentiary time, but did argue that 25 to 35 years was not
enough. Defense counsel then made a closing argument to the jury. In his closing
argument, defense counsel emphasized that the jury could sentence appellant from 5
to 99 years or grant probation. He asked the jury to consider a punishment on the
lower end of the range. The jury heard no favorable character evidence or otherwise
mitigating evidence; it returned a sentence on the high end of the sentencing range
and nearly twice as high as the number of years mentioned by the State. See Milburn,
15 S.W.3d at 270. 
          The sentencing process consists of weighing mitigating and aggravating
factors, and making adjustments in the severity of the sentence consistent with this
calculus. See Vela v. Estelle, 708 F.2d 954, 966 (5th Cir. 1983). In this case, defense
counsel presented no evidence of mitigating factors for the jury to balance against the
aggravating factors presented by the State. By his own admission, defense counsel
did not investigate any possible mitigating factors and failed to contact even a single
family member or friend, despite knowing that favorable witnesses were available to
testify. As noted in our discussion of the first prong of Strickland, there were no
fewer than 20 witnesses available to testify on appellant’s behalf. These witnesses
would have testified that appellant took great care of his son, helped his friends and
relatives, and worked hard. This evidence would have shown the jury that he also had
good character traits. 
          We conclude that appellant has demonstrated prejudice in this case, even
though we cannot say for certain that appellant’s character witnesses would have
favorably influenced the jury’s assessment of punishment. See Milburn, 15 S.W.3d
at 271. We have no doubt, however, that defense counsel’s failure to interview or call
a single witness, other than appellant, deprived him of the possibility of bringing out
even a single mitigating factor. See id. Mitigating evidence clearly would have been
admissible. See Rivera, 123 S.W.3d at 30. The jury would have considered it and
possibly have been influenced by it. See id. 
          We conclude that a reasonable probability exists that appellant’s sentence
would have been less severe had the jury balanced the aggravating and mitigating
circumstances. Accordingly, appellant has shown that he was actually and
substantially prejudiced by his defense counsel’s complete failure to seek out and
present any mitigating character evidence. See Milburn, 15 S.W.3d at 271; see, e.g.,
Blake v. Kemp, 758 F.2d 523, 534–35 (11th Cir. 1985); Ex parte Felton, 815 S.W.2d
733, 737 n.4 (Tex. Crim. App. 1991).
          We sustain appellant’s second point of error.
Admission of Evidence at Motion for New Trial Hearing
          In his third point of error, appellant argues that the trial court improperly
admitted evidence during the motion for new trial hearing. Specifically, appellant
argues that the trial court erred when it admitted the prosecutor’s affidavit. Appellant
argues that, had the evidence not been admitted, the trial court would have granted
the motion for new trial. 
          At the motion for new trial hearing, the State offered the trial prosecutor’s
affidavit.


 Even before an objection had been lodged, the trial court admitted that it
had read the affidavit. Appellant then asserted the following objection:
[U]nder Rules 401 and 402, certainly Ms. Hartman’s affidavit is
irrelevant in the sense that it makes no fact more or less likely as
a consequence to this proceeding. She has no personal
knowledge of any of the operative facts that impact the
consideration of the issues before the Court today to the extent
that she asserts that trial counsel is, quote, not candid, close
quote, about his assertion.
 
The Court is well aware that in Schutz v. State, and 50 other cases,
it is improper for one witness to give his or her opinion to the
truthfulness of another witness’ testimony. It is clearly
speculative. 
 
Her testimony as to Mr. Richardson’s purported trial strategy is,
again, without foundation. Certainly it makes no fact at issue
more or less likely and doesn’t even provide a nudge in that
direction, which is the standard review for relevancy. I would
object to it under those bases, Your Honor. 

The trial court overruled appellant’s objections. 
          The decision on a motion for new trial rests within the sound discretion of the
trial court and, in the absence of an abuse of discretion, should not be reversed. State
v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). In considering a motion
for new trial, the trial court possesses broad discretion in determining the credibility
of the witnesses and in weighing the evidence to determine whether a different result
would occur upon retrial. Dusenberry v. State, 915 S.W.2d 947, 949 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d); Messer v. State, 757 S.W.2d 820, 827
(Tex. App.—Houston [1st Dist.] 1988, pet. ref’d) (opinion on reh’g). The court may
consider the interest and bias of any witness and is not required to accept as true the
testimony of the accused or any defense witness simply because it was
uncontradicted. Messer, 757 S.W.2d at 828. The admission of evidence is a matter
within the discretion of the trial court. See Montgomery v. State, 810 S.W.2d 372,
378–79 (Tex. Crim. App. 1990) (opinion on reh’g). Accordingly, the trial court’s
admission of evidence is reviewed under an abuse of discretion standard. See id. at
379–80. As long as the trial court’s ruling was within the “zone of reasonable
disagreement,” there is no abuse of discretion and the trial court’s ruling will be
upheld. Rachal v. State, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996); Montgomery,
810 S.W.2d at 391. The trial court is not required to believe factual statements
contained within an affidavit, even when they are uncontradicted by other affidavits. 
See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (stating that a trial
judge may disbelieve even uncontradicted testimony).
          On appeal, appellant asserts that the trial court erred in admitting the
prosecutor’s affidavit under Rules 401, 402, 602, 701 and 702. See Tex. R. Evid.
401, 402, 602, 701, 702. To preserve a complaint for appellate review, appellant
must provide a timely and specific objection. See Tex. R. App. P. 33.1(a). Without
a specific objection made to the trial court, nothing is preserved on appeal. See id. 
After reviewing appellant’s objection during the motion for new trial hearing, we
conclude that appellant has preserved only his Rule 401, 402, and 602 objections. 
A.      Rules 401 and 402
          Evidence is relevant under Rule 401 if it “influences consequential facts, i.e.,
facts which have something to do with the ultimate determination of guilt or
innocence in a particular case.” Mayes v. State, 816 S.W.2d 79, 84 (Tex. Crim. App.
1991). Appellant did not expressly direct the trial court to the particular statement
within the affidavit that he asserts was irrelevant on Rule 401 grounds. In the
absence of any request to limit the scope of the affidavit we will uphold the trial
court’s ruling if any of the material in the affidavit is relevant. See Tex. R. Evid.
105(a). 
          The prosecutor pointed out that a possible sound trial strategy regarding lesser
included offenses would have been not to ask for contradictory defenses. In this
opinion, we have held that appellant’s defense counsel was not deficient for failing
to ask for jury instructions on the lesser included offense of manslaughter so as not
to present inconsistent defenses to the jury. We conclude the affidavit has some
relevance and thus admissible pursuant to Rule 402. See Tex. R. Evid. 402. 
Accordingly, the trial court did not abuse its discretion in overruling appellant’s Rule
401 and 402 objections.
B.      Rule 602
          Appellant also argues that the affidavit violates Rule 602. See Tex. R. Evid.
602. Rule 602 provides, 
A witness may not testify to a matter unless evidence is
introduced sufficient to support a finding that the witness has
personal knowledge of the matter. Evidence to prove personal
knowledge may, but need not, consist of the testimony of the
witness. This rule is subject to the provisions of Rule 703,
relating to opinion testimony by expert witnesses.

Tex. R. Evid. 602.
          Appellant contends that many of the prosecutor’s statements in her affidavit
were “rank speculation.” Although some of the statements in the affidavit were
undoubtedly made without personal knowledge, other statements comply with Rule
602. For example, the prosecutor informed the trial judge, who was not the same
judge who presided over appellant’s trial, that defense counsel received instructions
on self-defense and defense of a third party. The prosecutor also informed the trial
judge that defense counsel did object to her closing argument, and in any event, the
jury charge correctly explained the law to the jury. Because appellant did not
specifically object to certain portions of the affidavit or attempt to excise that which
did not comply with the rules, the entire affidavit is admissible if any portion of it is
relevant. See Biagas, 2005 WL 267659, at *8; see also Troff v. State, 882 S.W.2d
905, 910 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d) (“When an exhibit
contains both admissible and inadmissible evidence, the objecting party must
specifically point out the inadmissible evidence.”); Pinkney v. State, 848 S.W.2d 363,
367 (Tex. App.—Houston [1st Dist.] 1993, no pet.). We conclude that portions of the
prosecutor’s affidavit were made with personal knowledge, and therefore, the trial
court did not abuse its discretion in overruling appellant’s Rule 602 objection. We
conclude that the trial court did not abuse its discretion in admitting the prosecutor’s
affidavit.
          We overrule appellant’s third point of error.
 
 
 
Conclusion
          We affirm the judgment of the trial court, which finds appellant guilty of
murder. Because we conclude that appellant’s defense counsel provided ineffective
assistance of counsel during the punishment phase of trial, we reverse the judgment
of the trial court and remand the cause for a new punishment hearing pursuant to
article 44.29(b) of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 44.29(b) (Vernon Supp. 2005).
 

                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Justice Keyes, dissenting.
Publish. Tex. R. App. P. 47.2(b).