Michael Anthony **GADSDEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–94–00190–CR.

Court of Appeals of Texas, El Paso.

Jan. 25, 1996.

Norbert J. Garney, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for state.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

Following a jury trial, the appellant, Michael Gadsden, was convicted of capital murder and sentenced to life imprisonment. In two points of error, Gadsden contends that the trial court erred in failing to charge the jury on lesser included offenses of involuntary manslaughter and criminally negligent homicide. We affirm.

## FACTS

Michael Gadsden was convicted of capital murder for the death of Enrique Garcia who was shot while Gadsden was in the course of

committing aggravated robbery. The facts, established through the testimony of three witnesses and Gadsden's voluntary statement, are as follows. On July 2, 1993, Gadsden and a friend purchased a .380 Beretta from a Las Cruces, New Mexico pawn shop. The following day, Gadsden armed himself with the gun and drove to El Paso in search of a "dope house" to rob. Gadsden selected an apartment, knocked on the door and forced his way in when the door was opened. He demanded drugs and money. One of the occupants of the apartment gave Gadsden some money. However, the apartment was not a drug house and there were no drugs there. During the robbery, Enrique Garcia, an occupant of a neighboring apartment, knocked on the door and was forced inside and onto the couch. Gadsden and Garcia became engaged in a struggle after Gadsden hit Garcia in the face and demanded drugs. While they were struggling on the couch, the gun discharged. Garcia was shot in the left side towards the back of the chest. The bullet traveled left to right and downward for a distance of eleven inches. The gun was estimated to be three to six inches from the body when it was fired.

The witnesses each testified that they saw the struggle and heard the shot. One witness, who initially testified that Gadsden put the gun to Garcia's side and then shot him, later said that she could not see the gun at the point of firing because Gadsden and Garcia had become tangled in the curtains during the struggle. Another witness testified that she left the room when the struggle began but heard the gun fire. The third witness testified that Gadsden and the victim were tangled in the curtains when they heard the gunshot. Because none of the witnesses actually saw the gun at the instant it was fired, and because his statement implies the gun discharged by accident, Gadsden contends there is some evidence that he did not intend to cause the death of Garcia. Thus, Gadsden argues, instructions on criminally negligent homicide and involuntary manslaughter should have been given.

### Lesser Included Offense Instructions

■ To determine whether a jury must be charged on a lesser included offense, the Court applies a two-part test. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser included offense should be given. *Banda v. State,* 890 S.W.2d 42, 60 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995). Criminally negligent homicide may be a lesser included offense of involuntary manslaughter, which may be a lesser included offense of murder, which may be a lesser included offense of capital murder. *Tompkins v. State,* 774 S.W.2d 195 (Tex.Crim.App.1987), *aff'd,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

■ A person acts with criminal negligence when he ought to be aware of a substantial and unjustifiable risk created by his conduct. Tex.Penal Code Ann. § 6.03(d) (Vernon 1994). Before a charge on criminally negligent homicide is required, however, the record must contain evidence showing that the defendant was unaware of the risk. *Mendieta v. State,* 706 S.W.2d 651, 653 (Tex.Crim.App.1986). Evidence that the defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who is aware of a risk of injury or death involving use of the gun, particularly under the circumstances presented here. *See Thomas v. State,* 699 S.W.2d 845, 852 (Tex.Crim.App.1985) (en banc).

We cannot conclude that a juror might infer that when Gadsden armed himself with a loaded gun, entered the apartment with the intent to "rob a dope house," threatened the occupants of the apartment with the loaded gun, and engaged in a struggle with the victim while holding the loaded gun in his hand, he was unaware of the risk his conduct

created. *See Tompkins,* 774 S.W.2d at 212. Even if it might be speculated that Gadsden did not intend the result, such does not change his awareness of the risk his conduct created. On the facts of this case, we hold that the issue of criminally negligent homicide was not raised by the evidence. The trial court did not err in refusing to give the jury an instruction on that offense; this point of error is overruled.

 Gadsden also contends that the trial court erred in refusing to instruct the jury on involuntary manslaughter. A person commits involuntary manslaughter by recklessly causing the death of another. TEX.PENAL CODE ANN. § 19.05(a)(1).[1] A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1994).

Although Gadsden did not testify, his statement to investigators was admitted into evidence. Gadsden's statement describes a struggle between Gadsden and the victim during which Gadsden held the gun in his hand. Gadsden stated, in part: "We tussled on the couch for about five seconds. All of a sudden, the gun went off. I heard a scream from the guy and the lady. The way I had the gun positioned, I thought I hit him in the leg. He rolled off me." This evidence is sufficient to raise the question of whether Gadsden acted recklessly or intentionally in discharging the gun. *See Hernandez v. State,* 742 S.W.2d 841, 843 (Tex.App.—Corpus Christi 1987, no pet.).

 That Gadsden may have recklessly caused Garcia's death does not, however, entitle him to an instruction on involuntary manslaughter under the facts of this case. A homicide committed in the course of a robbery does not comprise the offense of involuntary manslaughter; rather, it constitutes at the very least, the offense of felony murder as defined by Texas Penal Code, § 19.02(b)(3). *See Lee v. State,* 860 S.W.2d 582, 587 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Under § 19.02(b)(3), a per-

son commits the offense of felony murder if in the course and furtherance of committing a felony, the person commits an act clearly dangerous to human life that causes the death of an individual. TEX.PENAL CODE ANN. § 19.02(b)(3) (Vernon 1994); *Rousseau,* 855 S.W.2d at 673. Gadsden admits the commission of the underlying robbery. Thus, whether he recklessly, rather than intentionally, caused the death of Garcia at most raises the issue of felony murder. A jury could not rationally find appellant guilty only of involuntary manslaughter. *See Ross v. State,* 861 S.W.2d 870, 876 (Tex.Crim.App. 1993) (opin. on rehearing). Accordingly, the trial court did not err in failing to instruct the jury on involuntary manslaughter. This point of error is overruled.

### *CONCLUSION*

The judgment of the trial court is affirmed.

---

1. Amended by Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 TEX.GEN.LAWS 3586, 3614, current version found at TEX.PENAL CODE ANN. § 19.04 (Vernon 1994).