**Steven Lee AMIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00665–CR.**

Court of Appeals of Texas, San Antonio.

May 15, 2002.

Discretionary Review Refused Jan. 15, 2003.

From the 226th Judicial District Court, Bexar County, Texas, Sid L. Harle, Judge Presiding.[1]

James C. Oltersdorf, San Antonio, for appellant.

Susan D. Reed, Criminal District Attorney, Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Steven Lee Amis ("Amis") appeals his conviction for murder. In three points of error, Amis argues: (1) the trial court erred by not charging the jury on the lesser-included offense of criminally negligent homicide; (2) the trial court abused its discretion in admitting evidence that he possessed a knife and was going to use it on the victim; and (3) the evidence is factually insufficient to support his murder

conviction. We affirm the trial court's judgment.

## BACKGROUND

Both Amis and the victim, John Minica ("Minica"), were homeless persons who often spent time at a place known as "the camp"—an area located off of Fredericksburg Road in San Antonio where homeless people congregate. On the morning of September 15, 2000, Minica arrived at the camp with a six pack of beer. Minica sat down and began drinking the beer with two of his friends, Sylvia Lindsey ("Lindsey") and her fiancée, Delbert Forest ("Forest"). Shortly thereafter, Amis and another man showed up at the camp. Amis and Minica had some type of ongoing feud, and were not on good terms. After arriving at the camp, Amis approached Minica, who was now laying on the ground with his head in Lindsey's lap. Amis then dropped a backpack he was carrying and began kicking Minica repeatedly. Amis struck Minica approximately six to seven times on his abdomen and head.

After the attack, Minica went to the home of Timothy and Tracy Golway ("the Golways"). The Golways lived in some apartments not far from the camp. When Minica arrived, he could hardly stand up. Minica complained that his stomach and sides were hurting. The Golways cared for Minica for a short time and eventually called 911. Paramedics arrived approximately 10 minutes later and found Minica unconscious and unresponsive. Minica's heart stopped shortly thereafter. The paramedics were able to revive Minica using CPR, drugs, and intubation. Minica was transported to University hospital, but he never regained consciousness and died three weeks later.

---

1. The Honorable James Barlow presided over the trial, while the Honorable Sid L. Harle signed the final judgment.

A Bexar County Medical Examiner, Dr. Suzanna Dana ("Dr.Dana"), performed an autopsy on Minica's body. Dr. Dana certified Minica's death as complications of blunt head and abdominal trauma resulting from assault. Because Minica's death was certified as a homicide, Amis was indicted for murder. A jury found Amis guilty, and he was sentenced to 20 years in prison.

## DISCUSSION

### I. Lesser Included Offense

In his first point of error, Amis argues that the trial court erred by not charging the jury on the lesser-included offense of criminally negligent homicide. The trial court did charge the jury as to the lesser-included offense of manslaughter, but denied Minica's request as to criminally negligent homicide. Amis contends that Minica's lifestyle and pre-existing conditions made it unlikely that Amis could have anticipated that he was doing a reckless act by kicking Minica. This, Amis asserts, entitled him to a charge on criminally negligent homicide.

Determining whether a charge on a lesser-included offense should have been given requires a two-step process. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex.Crim. App.2002). "The first step is to decide whether the offense is a lesser-included offense of the offense charged." *Id.* "The second step ... requires an evaluation of the evidence to determine whether there is some evidence that would permit a jury rationally to find that the defendant is guilty *only* of the lesser offense." *Id.* "In other words, there must be some evidence from which a jury could rationally acquit the defendant of the greater offense while convicting him of the lesser-included offense." *Id.* "The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense." *Id.*

"In determining whether the trial court erred in failing to give a charge on a lesser-included offense, all of the evidence presented by the State and the defendant must be considered." *Burnett v. State*, 865 S.W.2d 223, 228 (Tex.App.-San Antonio 1993, pet. ref'd). The entire record must be examined, and facts must not be isolated and taken out of context. *Ramos v. State*, 865 S.W.2d 463, 465 (Tex. Crim.App.1993) (en banc). "Entitlement to a jury instruction on a lesser included offense must be made on a case-by-case basis according to the particular facts." *Burnett*, 865 S.W.2d at 228.

In its brief, the State concedes that criminally negligent homicide is a lesser-included offense of murder. Our analysis, therefore, must focus on whether there is some evidence in the record that would permit a jury rationally to find that Amis was guilty of only criminally negligent homicide. *See Mathis*, 67 S.W.3d at 925. The Texas Penal Code defines criminal negligence as follows:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PEN.CODE ANN. § 6.03(d) (Vernon 1994). "The key to criminal negligence is the failure of the actor to perceive the risk created by his conduct." *Mendie-*

*ta v. State,* 706 S.W.2d 651, 652 (Tex.Crim. App.1986) (en banc). "It is encumbent that the record contain evidence showing an unawareness of the risk before a charge on criminally negligent homicide is required." *Id.*

■ Amis testified in his own defense at trial. He admitted to kicking Minica "three times, maybe four," on the abdomen and head. When asked whether he considered the possibility that he might hurt Minica when kicking him, Amis answered: "Not to the extent that what happened." Amis also testified, however, that he intended to kick Minica hard enough to leave bruises on him. Amis stated on cross-examination that he believed either he or Minica would eventually end up dead because of their ongoing feud, and that he attacked Minica to "put a stop to this thing."

Given Amis's own testimony and reviewing the entire record, there is no evidence from which a jury could rationally find Amis guilty only of criminally negligent homicide. *See Mathis,* 67 S.W.3d at 925. Nothing in the record indicates that Amis failed to perceive the risk that he could kill Minica by repeatedly kicking him on the abdomen and head. Amis's statement that he did not intend to hurt Minica "to the extent that what happened" does not establish that he was unaware of the risk of killing Minica. Amis was wearing large work boots when he kicked Minica. Lindsey testified that Amis's kicks to Minica were full, "hard" kicks, using full force. The medical examiner, Dr. Dana, testified that Minica died from trauma to the head and abdomen resulting from the assault. There is no evidence that any pre-existing condition contributed to Minica's death.

Amis has failed to provide evidence that he was unaware of the risk of violently kicking Minica. The trial court did not err in not charging the jury as to criminally negligent homicide. *See Mendieta,* 706 S.W.2d at 652. We overrule Amis's first point of error.

## II. Texas Rule of Evidence 404(b)

■ In his second point of error, Amis argues that the trial court abused its discretion under Texas Rules of Evidence 404(b) and 403 by admitting evidence that several months before he attacked Minica, he possessed a knife and was going to stab Minica with it. At trial, the State called Michael Price ("Price") as a witness. Price knew both Amis and Minica. Price testified that three to four months before Amis attacked Minica, Amis visited his home, which was near the camp on Fredericksburg Road. While he was there, Amis showed Price a hunting knife and stated that he was going to use it to "get John (Minica)." Amis objected under Texas Rules of Evidence 404(b) and 403. The trial court overruled both objections.

Texas Rule of Evidence 404(b) provides the following:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

■ Tex.R. Evid. 404(b). Upon a proper objection, "the proponent must satisfy the trial court that the ... evidence has relevance apart from its character conformity value." *Santellan v. State,* 939

S.W.2d 155, 168 (Tex.Crim.App.1997) (en banc).

■ Under Texas Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Tex.R. Evid. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App. 1991) (en banc).

■ "We review the trial court's ruling under an abuse of discretion standard." *Lam v. State*, 25 S.W.3d 233, 236 (Tex.App.-San Antonio 2000, no pet.). "The trial court abuses its discretion when it acts without reference to any guiding rules and principles, or acts in a manner that is arbitrary or capricious." *Id.* at 236–37.

Amis contends that the display of the knife and the accompanying threat were inadmissible character conformity evidence. We disagree. Evidence of other wrongs or acts are admissible for other purposes such as intent. *See* Tex.R. Evid. 404(b). Although Amis did not use a knife when he attacked Amis in September of 2000, his previous threat to use a knife to "get John" shows his intent to seriously harm Minica at some future time. *See id.* The evidence also was not inadmissible under Rule 403. Amis fails to show how the danger of unfair prejudice substantially outweighs the probative value of the evidence in question. *See* Tex.R. Evid. 403. The trial court did not abuse its discretion in admitting the evidence. *See Lam*, 25 S.W.3d at 236. We overrule Amis's second point of error.

### III. Factual Sufficiency

■ In his third point of error, Amis argues that the evidence is factually insuf-ficient to support his conviction for murder as charged in the indictment. In two separate paragraphs, the indictment charged Amis with murder under Sections 19.02(b)(1) and 19.02(b)(2) of the Texas Penal Code. Under Section 19.02(b)(1), a person commits an offense if he "intentionally or knowingly causes the death of an individual." Tex. Pen.Code Ann. § 19.02(b)(1) (Vernon 1994). Under 19.02(b)(2), a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *Id.* § 19.02(b)(2). The jury returned a verdict finding Amis "guilty of murder as charged in the indictment."

■ "[W]hen a general verdict is returned and the evidence is sufficient to support a finding under any of the paragraphs submitted, the verdict will be applied to the paragraph finding support in the facts." *Manrique v. State*, 994 S.W.2d 640, 642 (Tex.Crim.App.1999) (en banc). In conducting a factual sufficiency review, we must consider all of the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996) (en banc).

Wearing large work boots, Amis kicked Minica several times to both the head and abdomen. An eyewitness, Lindsey, testified that Amis kicked Minica using full force. Minica eventually died from complications of head and abdomen trauma resulting from the attack. Amis testified himself that he intended to kick Minica hard enough to leave bruises on him. Sufficient evidence exists showing that Amis intended to cause serious bodily injury to Minica and committed an act clearly dangerous to human life that caused the death of Minica. *See* Tex. Pen.Code Ann. § 19.02(b)(2). The judgment is not "so

contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *See Clewis,* 922 S.W.2d at 129. Because the evidence supports the murder conviction under Section 19.02(b)(2), we overrule Amis's third point of error. *See Manrique,* 994 S.W.2d at 642.

### Conclusion

The judgment of the trial court is affirmed.