COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

ANTWAN LAKEE GILLESPIE,                          )

                                                                              )               No.  08-01-00407-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
204th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Dallas County, Texas

Appellee.                           )

                                                                              )            
(TC# F-0134218-SQ)

                                                                              )

 

 

O
P I N I O N

 

Antwan Lakee Gillespie was found
guilty of capital murder by a jury. 
Since the State did not seek the death penalty, the sentence was
automatically set at confinement for life. 
On this appeal, we determine whether Appellant, by virtue of his
statement to police that he did not intentionally shoot the complainant while
robbing him, was entitled to a charge on the 

lesser-included
offense of manslaughter.  We also address
Appellant=s
complaint that the trial court erred in discussing the law of parole during voir dire.  We will
affirm.

Background








Prior to his
confrontation with the complainant, Appellant and his friends, K and ABlack,@
committed two robberies.  After those
robberies, the three men drove to an apartment complex.  K, who used Appellant=s
pistol in the second robbery, handed it back to Appellant, saying it was
Appellant=s
turn.  Appellant walked alone into the
apartment complex and saw the complainant walking in his direction.  He noticed the complainant was drunk and
decided he would just hit him and take his money.  The two men kind of brushed each other, began
arguing, then proceeded to fight.  Complainant was able to grab the gun from
Appellant=s
jacket.  He pointed the gun and pulled
the trigger but nothing happened.  The
two men struggled again.  The pistol
discharged three times, first hitting Appellant in the hand, then fatally
wounding complainant.  Appellant then
reached into complainant=s
jacket, took his wallet, and fled.

During voir dire, a panelist asked how early parole would affect a
life sentence.  The State responded that
the jury would not consider parole and that they could not talk about it.  But the panelist persisted in asking about parole.  The court then briefly intervened and
discussed parole law, basically stating that juries have no control over parole
and that persons convicted of murder and capital murder would have to serve at
least thirty and forty years respectively before they would be eligible for
parole.  Appellant did not object to the
comments, and after the court spoke, the topic changed.

Discussion

Lesser
Included Offense








We first address
Appellant=s
complaint that the court erred in denying his request to include a
lesser-included offense of manslaughter in the jury charge.  Appellant argues that because his statement
to police shows that he did not intentionally kill complainant, the jury could
have reasonably deduced that Appellant acted recklessly.  Thus, he claims, the jury should have been
allowed to consider manslaughter, which carries a recklessness component.  See Tex.Pen.Code Ann. '
19.04(a)(Vernon 1994)(person commits manslaughter if
he recklessly causes the death of an individual).[1]

To determine
whether a jury must be charged on a lesser-included offense, we apply a
two-part test.  Rousseau
v. State, 855 S.W.2d 666, 672 (Tex.Crim.App.
1993); Gadsden v. State, 915 S.W.2d 620, 622 (Tex.App.--El
Paso 1996, no pet.).  First, the
lesser-included offense must be included within the proof necessary to establish
the offense charged.  Id.  Second, there must be some evidence in the
record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser offense.  Id. 
Involuntary manslaughter is a lesser-included offense of murder.  Avila v. State, 954
S.W.2d 830, 842 (Tex.App.--El Paso 1997, pet. ref=d).  The first prong of the test is therefore
met.  We next determine whether the
record contains evidence that Appellant is guilty of only manslaughter.

Considering this
prong, the salient facts here are similar to those in Gadsden.  There,  through his statement to police,
Gadsden raised an issue at trial that he had fired his gun recklessly and
killed the complainant in the course of a robbery.  Gadsden, 915 S.W.2d
at 623.  However, we held that
though Gadsden may have recklessly caused the complainant=s death, he was not entitled to an
instruction on manslaughter under the facts of his case.  Id. 
This is so because a homicide committed in the course of a robbery
cannot be manslaughter; at the very least, it is felony murder.  Tex.Pen.Code
Ann. ' 19.02(b)(3); Gadsden, 915 S.W.2d at 642.  Under Section 19.02(b)(3),
a person is guilty of felony murder if, in the course and furtherance of
committing a felony, the person commits an act clearly dangerous to human life
that causes the death of an individual.  See
Tex.Pen.Code Ann. '
19.02(b)(3); Rousseau, 855 S.W.2d at 673.   








Likewise, even if
Appellant recklessly caused complainant=s
death in this case, he did so in the course and furtherance of a robbery,[2]
which raises only the issue of felony murder. 
Thus, a jury could not rationally find Appellant guilty only of
manslaughter.  See Ross v. State,
861 S.W.2d 870, 876 (Tex.Crim.App. 1993)(opin. on reh=g). 
Accordingly, the trial court did not err in refusing to instruct the
jury on manslaughter.  We overrule this
issue.

Discussion
of Parole

Next, we address
Appellant=s claim
that the court committed Afundamental
error@ by
improperly discussing parole during voir dire in a
capital murder trial.  The Court of
Criminal Appeals has characterized fundamental error as Aonly
plain errors that result in a miscarriage of justice or that seriously affect
the fairness, integrity, or public reputation of judicial proceedings.@ Jimenez v. State, 32 S.W.3d
233, 238 n.18 (Tex.Crim.App. 2000)(equating
fundamental error with federal Aplain
error@).  Even assuming the trial court=s brief comments were in error,
Appellant fails to show, and we do not perceive, how they constitute
fundamental error.








Appellant failed
to object to any of the court=s
comments.  It is well-settled that for an
issue to be preserved for appellate review, there must
have been a timely objection specifically stating the legal basis for that
objection.  See Tex.R.App.P. 33.1(a); Rhoades v. State, 934
S.W.2d 113, 119-20 (Tex.Crim.App. 1996)(holding that appellant=s
failure to object to the judge=s
voir dire mention of parole eligibility in capital
murder case waived any error).  Because
Appellant failed to object to the judge=s
comments, any error is waived.  We
overrule this issue.

The judgment of
the trial court is affirmed.

 

 

 

October 10, 2002

DON WITTIG, Justice

 

Before Panel No. 5

Barajas, C.J., Larsen, and Wittig,
JJ.

(Wittig, J., Sitting by
assignment)

 

(Do Not Publish)











[1]
The court approved and included jury instructions on lesser-included offenses
of felony murder, aggravated robbery, and robbery.





[2]
Here, the record shows that Appellant at least committed robbery.  As noted, Appellant admitted he carried a
pistol with the intent of robbing someone, saw complainant, decided to rob him,
collided and struggled with complainant, and after complainant was fatally
shot, Appellant stole complainant=s
wallet.  Appellant also admitted to
aggravated robbery in closing argument.  
The record further shows that Appellant was guilty of the felony of
conspiracy to commit aggravated robbery when the fatal shooting occurred.  See Tex.Pen.Code Ann. '
15.02(a), (d)(Vernon 1994); Tex.Pen.Code Ann. '
29.03(a), (b).