Affirmed and Memorandum Opinion filed August 30, 2005









Affirmed and Memorandum Opinion filed August 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00144-CR

_______________

 

ROBERTO ANTONIO FERNANDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________________________

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 934,224

______________________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Roberto Antonio Fernandez, was charged with the
offense of capital murder.  A jury
convicted appellant of the lesser included offense of felony murder and
assessed punishment at life imprisonment and a $10,000 fine.  In two issues, appellant contends the trial
court erred by (1) admitting a prejudicial videotape in its entirety, and (2)
failing to charge the jury on the lesser included offense of manslaughter.  We affirm.

I. 
Background








On December 21, 2002, appellant and Omar Ramirez robbed a
convenience store at gunpoint.  The store
was owned and operated by Vien Ma. 
During the robbery, Ma confronted appellant.  Appellant struck Ma with a pistol and shot
him in the abdomen, causing his death. 
Appellant and Ramirez fled the store but were shortly apprehended by
police.  The store=s surveillance videotape depicting
the entire robbery was admitted into evidence at trial.[1]  

II. 
Admission of Videotape

In his first issue, appellant contends that the trial court
violated Texas Rules of Evidence 401 and 403 by admitting into evidence the
portion of the surveillance videotape that depicts Ma=s wife kneeling and crying over Ma=s body after appellant had fled the
store. 

The State responds that appellant failed to preserve this
complaint for review because two witnesses testified, without objection,
regarding actions depicted on the videotape after appellant fled the
store.  At trial, June Marks testified
that when she entered the convenience store, she observed Ma lying on the
ground.  She testified that Ma=s wife was holding him, cradling his
head, and crying.  Teresa Nance testified
that when she entered the convenience store, Ma was still awake, his eyes were
moving, and he was groaning.  Nance
testified that Ma=s wife was hysterical, was trying to keep Ma awake, and was
afraid that he was dying.

The rules applicable to the admission of ordinary photographs
are applicable to the admission of a videotape. Tex. R. Evid. 1001(b). 
The general rule is that an objection to a photograph is waived if the
same information contained in the photograph is conveyed to the jury in some
other form.  Hughes v. State, 878
S.W.2d 142, 155 (Tex. Crim. App. 1992). 
Applying this rule, we hold that appellant waived his relevancy
objection under Rule 401 because the same information depicted on the videotape
was otherwise communicated to the jury.








The Texas Court of Criminal Appeals has held that
unobjected-to testimony regarding the same subject matter as that depicted in a
photograph does not result in waiver of an objection to the inflammatory nature
of the photograph unless the testimony conveys the same aspects of the
photograph which would be likely to inflame the minds of the jurors.  See James v. State, 772 S.W.2d 84, 98
(Tex. Crim. App. 1989), vacated on other grounds by James v.
Texas, 493 U.S. 885 (1989) (AThe waiver rule that the State would
have us invoke does not apply to an objection to the gruesomeness of
photographs unless the testimony itself is gruesome and conveys the aspects of
the photographs which would be likely to inflame the minds of jurors.@).[2]  Here, the aspect of the videotape that would
be likely to inflame the minds of the jurors was the emotional state displayed
by Ma=s wife following the shooting.  The testimony of Nance and Marks verbally
conveyed the same imagery as the videotape. 
Accordingly, we hold that appellant=s failure to object to this testimony
waived his Rule 403 challenge to the complained-of portion of the
videotape.   

We overrule appellant=s first issue.

III. 
Instruction on Lesser Included Offense

In his second issue, appellant contends that the trial court
erred by failing  to submit a jury
instruction on the lesser included offense of manslaughter.  The jury charge in this case included instructions
on the lesser included offenses of murder, felony murder, and aggravated
robbery.  However, the trial court denied
appellant=s request to include an instruction
on manslaughter.








A two-pronged test applies to determine whether a defendant
is entitled to a lesser included offense instruction: (1) the lesser included
offense must be included within the proof necessary to establish the offense
charged; and (2) some evidence must exist in the record that would permit a
jury to rationally find that if the defendant is guilty, he is guilty only of
the lesser included offense.  Wesbrook
v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); Rousseau v. State,
855 S.W.2d 666, 672B73 (Tex. Crim. App. 1993). 
To determine whether the record supports a charge on the lesser included
offense, we must review all of the evidence presented at trial.  Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994).  The credibility
of the evidence and whether it conflicts with other evidence or is controverted
is not to be considered in determining whether an instruction on a lesser
included offense was required.  Banda
v. State, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994).  

Manslaughter is a lesser included offense of capital
murder.  Mathis v. State, 67 S.W.3d
918, 925 (Tex. Crim. App. 2002). 
Therefore, the first prong of the test is satisfied.  We next determine whether the record contains
evidence that appellant is guilty only of manslaughter.

A person commits manslaughter if he recklessly causes the death
of an individual.  Tex. Pen. Code Ann. ' 19.04 (Vernon 2003).  A person acts recklessly when he is aware of
but consciously disregards a substantial and unjustifiable risk that the result
will occur.  Tex. Pen. Code Ann. ' 6.03(c) (Vernon 2003).  Appellant contends that some evidence in the
record shows the shooting was reckless, rather than intentional, and therefore,
appellant was entitled to an instruction on manslaughter.  








However, even if appellant=s actions might be classified as
reckless, the fact that the homicide was committed in the course of a robbery
precludes a rational jury from finding appellant guilty only of
manslaughter.  Gadsden v. State,
915 S.W.2d 620, 623 (Tex. App.CEl Paso 1996, no pet.). 
A homicide committed in the course of robbery does not comprise the
offense of manslaughter; rather it constitutes at the very least, the offense
of felony murder as defined by Texas Penal Code Section 19.02(b)(3).  Id. 
A person commits the offense of felony murder if in the course and
furtherance of committing a felony, the person commits an act clearly dangerous
to human life that causes the death of an individual. Tex. Pen. Code Ann. ' 19.02(b)(3) (Vernon 2003).  The evidence shows that appellant committed
the underlying robbery and that in the course and furtherance of the robbery he
committed an act clearly dangerous to human life.  Therefore, whether appellant recklessly,
rather than intentionally, caused Ma=s death at most raises the issue of
felony murder.  See Ross v. State,
861 S.W.2d 870, 876 (Tex. Crim. App. 1993) (op. on reh=g); Gadsden, 915 S.W.2d at
623. 

Under the facts of this case, a jury could not rationally
find appellant guilty only of manslaughter. 
Consequently, the trial court did not err in refusing to instruct the
jury on the lesser included offense of manslaughter.  Accordingly, we overrule appellant=s second issue. 

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed August 30, 2005.

Panel consists of Justices Edelman, Seymore, and
Guzman.  (Guzman, J., concurs in result
only.)

 

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 











[1]  The videotape
shows that appellant shot Ma within thirty seconds of entering the store, and
that appellant and Ramirez fled the store approximately thirty seconds
later.  The videotape runs an additional
nine minutes after appellant and Ramirez have left the store.  During the next seven minutes of the
videotape, Ma=s wife is shown kneeling beside him, cradling his head
and trying to comfort him as she cries out in Vietnamese. The final two minutes
of the videotape show the paramedics arrive and transport Ma from the scene.





[2]  In James,
the appellant argued that numerous photographs of the murder victim lying on a
mortuary slab should not have been admitted into evidence because the probative
value of the photographs was outweighed by their prejudicial effect.  Id. at 97.  The State argued that the appellant waived
his complaint to admission of the photographs because there was unobjected-to
testimony informing the jury that the murder victim=s body was taken to a mortuary, placed on the slab,
and autopsied.  Id. at 98.  However, the court held that such testimony
did not result in waiver of the appellant=s
complaint because the testimony did not convey any of the gruesome details of
the photographs that would be likely to inflame the minds of the jurors.  Id.