**Affirmed and Memorandum Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00292-CR

---

**JUSTIN WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 64700**

---

## MEMORANDUM OPINION

Appellant was convicted of murder and sentenced to life imprisonment. In two issues, we consider whether he was denied the effective assistance of trial counsel, and whether the trial court erred by denying a request for a lesser-included offense. We affirm the trial court's judgment.

# BACKGROUND

On the night of the incident, appellant and two other males attempted to rob a house in which they believed drugs and money would be found. The attackers forced their way into the home over the resistance of two male occupants. During the ensuing struggle, appellant discharged his shotgun, causing the death of one of the occupants. The attackers abandoned the robbery and fled the scene.

The next day, police received a letter and a phone call, both anonymous, linking appellant and one of his accomplices to the murder. Police investigated the home of the accomplice, where he and appellant were both discovered. When the two suspects were separated for questioning, police observed that appellant was shaking and visibly nervous. Concerned for the safety of all involved, police handcuffed appellant, placed him in the back of a patrol car, and transported him back to the station for further questioning.

Once at the station, the police removed appellant's handcuffs and placed him in an interrogation room. After waiving his constitutional rights, appellant gave a statement to police, in which he confessed to the murder. The confession was recorded on video. After his interview, appellant agreed to guide police to the location where he had disposed of the murder weapon and other evidence. When the evidence was retrieved, appellant signed a written statement admitting his involvement in the murder.

Prior to trial, appellant moved to suppress his confessions on the basis of voluntariness. Appellant argued that his statements were coerced because the officers had allegedly indicated that he would never be released without a confession. Appellant also argued that he was so tired or under the influence of drugs that he was unable to know what he was doing. Following an evidentiary hearing, the trial court denied appellant's motion to suppress. Both the recorded

confession and the written statement were published to the jury during the trial on the merits.

## ASSISTANCE OF COUNSEL

In his first issue, appellant argues that he was denied effective assistance of trial counsel because counsel did not move to suppress his confessions on an alternative basis—namely, that police lacked probable cause for appellant's arrest. We examine such claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious as to deprive him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. This deficiency will deprive appellant of a fair trial only when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392

(Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Appellant argues that his trial counsel was ineffective because counsel moved to suppress his statements only on the absence of voluntariness, and not on the basis that his statements were the fruit of an illegal arrest. This argument is

4

premised on appellant's claim that he was arrested without probable cause and not merely detained for investigative purposes.

Before being condemned as unprofessional or incompetent, counsel is normally afforded an opportunity to explain his actions, such as through testimonial evidence in a hearing on a motion for new trial or with the filing of an affidavit. *See Bone*, 77 S.W.3d at 836. Appellant filed no motion for new trial in this case, and the record contains no explanation regarding counsel's reasons for not moving to suppress the confessions on an alternative basis. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Because the record here is underdeveloped, appellant has not rebutted the strong presumption that counsel's actions were the product of sound trial strategy.

Assuming that counsel's performance was constitutionally deficient, appellant must still carry his burden of showing that the motion to suppress would have been granted had it been properly presented. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (noting that in the context of a complaint that counsel failed to pursue a motion to suppress, the defendant can only show prejudice under *Strickland* if he proves that the motion to suppress would have been granted). Appellant contends that he meets this standard for prejudice, arguing that his incriminating statements would have been suppressed as "fruit of the poisonous tree" because they were obtained from an arrest made unlawful for lack of probable cause. *See* Tex. Code Crim. Proc. art. 38.23 (providing that evidence must be excluded if obtained in violation of state or federal law); *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963) (providing that physical and verbal evidence must generally be excluded if obtained from an illegal arrest).

5

However, the record supports a finding that appellant was not under arrest when he made his incriminating statements; he had only been detained.

An investigative detention constitutes a seizure under the Fourth Amendment, but it is characterized by a lesser amount of restraint than an arrest. *See Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). It occurs when an officer stops an individual for questioning and the individual is not free to leave, at least for some period of time. *Id.* Unlike an arrest, an officer is not required to have probable cause to stop an individual. Rather, to conduct a lawful temporary detention, he need only have a reasonable suspicion to believe that the individual actually is, has been, or soon will be engaged in criminal activity. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the individual is involved in crime. *Id.* This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*

A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93. Courts have considered the following factors when conducting this analysis:

> [T]he amount of force displayed, the duration of a detention, the efficiency of the investigative process and whether it is conducted at the original location or the person is transported to another location, the officer's expressed intent—that is, whether he told the detained person that he was under arrest or was being detained only for a temporary investigation, and any other relevant factors.

*State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008) (footnotes omitted). There is no bright-line test providing that the use of handcuffs is always

6

the equivalent of an arrest. *See Rhodes v. State*, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). As much as a bright-line rule would be desirable, courts must consider the reasonableness of the detention, and reasonableness is judged from the perspective of a reasonable officer at the scene. *Id.* "[C]ommon sense and ordinary human experience must govern over rigid criteria." *Id.* (citing *United States v. Sharpe*, 470 U.S. 675, 685 (1985)).

In this case, police received two anonymous tips—one letter, and one phone call—identifying appellant and another individual as possible suspects in the murder. The tips were received less than twenty-four hours after the crime was committed. When police went to the home of the other individual, both suspects were found together. Police separated the two men, with appellant being removed to an outside porch. As he waited for police to finish their investigation inside, appellant was observed to be nervous and visibly shaking. During the suppression hearing, one officer testified that he grew concerned for the safety of everyone involved at the scene after witnessing appellant's shaking and mannerisms. The officer testified that because of this concern, he "grabbed [appellant] and put him in handcuffs, [and] advised him he was being detained." Police then transported appellant to a police station where they interrogated him without handcuffs or any other physical restraints.

The evidence supports a finding that police had reasonable suspicion to detain appellant for further questioning. Police had received tips linking appellant and another individual to the murder, and both suspects were found together shortly after the crime. Appellant was visibly distraught and shaking when police first arrived to conduct their investigation. This court has justified an investigatory detention based on similar evidence in the past. *See Kelley v. State*, 807 S.W.2d 810, 814 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) ("Furtive gestures can

7

be a valid indicia of mens rea when coupled with reliable information or other suspicious circumstances."); *see also Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion."); *Balentine v. State*, 71 S.W.3d 763, 769 (Tex. Crim. App. 2002) (holding that officer had reasonable suspicion to detain suspect who was exhibiting nervous behavior in the early morning hours after reports of gun fire). The temporary use of handcuffs did not convert the detention into an arrest, nor did the fact that appellant was taken to a police station for questioning. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) ("Stationhouse questioning does not, in and of itself, constitute custody."). An individual may be placed in handcuffs for officer protection, and in this case, the officer who applied the handcuffs even informed appellant that he was being "detained," not arrested. *See Rhodes*, 945 S.W.2d at 117–18 (noting that an officer's testimony that he was not arresting appellant when he handcuffed him is another factor to be considered when determining whether an arrest has taken place).

Based on the totality of the circumstances, the record supports a finding that appellant was detained under reasonable suspicion. He was not under arrest at the time of his statement, and police did not require probable cause to hold him for questioning. Accordingly, appellant cannot show a reasonable probability that the trial court would have granted a motion to suppress based on a theory that his statements were the fruit of an illegal arrest. Appellant's first issue is overruled.

## LESSER-INCLUDED OFFENSE

In his second issue, appellant argues that the trial court erred by refusing to instruct the jury on the lesser-included offense of manslaughter.

We review the trial court's decision on the submission of a lesser-included offense for an abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 575 (Tex.

8

Crim. App. 2005). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990). Because the trial court has no discretion in determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case. *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).

We apply a two-prong test when determining whether a defendant is entitled to an instruction on a lesser-included offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981); *Penaloza v. State*, 349 S.W.3d 709, 711 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). First, the lesser-included offense must be included within the proof necessary to establish the charged offense. *See* Tex. Code Crim. Proc. art. 37.09; *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). Second, some evidence must exist in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser-included offense. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). Courts have recognized that manslaughter is a lesser-included offense of murder. *See, e.g.*, *Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000). Thus, the first prong is satisfied.

A person commits manslaughter if he recklessly causes the death of an individual. Tex. Penal Code § 19.04. A person acts recklessly if he engages in conduct and is aware of but consciously disregards a substantial and unjustifiable risk associated with that conduct. *Id.* § 6.03(c). In support of his requested instruction, appellant cites to evidence in the record affirmatively showing that discharge of the weapon may have been reckless. However, even if his actions were reckless, appellant admitted that the weapon was discharged during the course of a robbery, which would preclude a rational jury from finding that he was

guilty of only manslaughter. When a homicide is committed in the course of a robbery, evidence of recklessness at most raises the issue of felony murder, not manslaughter. *See Ross v. State*, 861 S.W.2d 870, 876 (Tex. Crim. App. 1992) (op. on reh'g); *Gadsden v. State*, 915 S.W.2d 620, 623 (Tex. App.—El Paso 1996, no pet.). Accordingly, appellant was not entitled to an instruction on manslaughter, and the trial court did not abuse its discretion in denying his request. Appellant's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/　　　　　Adele Hedges
　　　　　　　Chief Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).