

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00316-CR

ALLEN BOLING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-434,617, Honorable Cecil Puryear, Presiding

August 26, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Allen Boling, appeals his conviction for capital murder.[1] The State did not seek the death penalty and appellant was automatically sentenced to life in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) without the possibility of parole.[2] Appellant appeals contending that the trial court committed

---

[1] See TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2012).

[2] See id. § 12.31(a) (West 2011).

reversible error by denying his request for a lesser-included offense instruction on criminally negligent homicide in its charge to the jury. We will affirm.

## Factual and Procedural Background

In January of 2011, appellant was living with his girlfriend, Mary Geralds, in a trailer home in rural Lubbock County. Mary's 16 year old daughter, MG, also resided with them. On January 19, 2011, appellant learned that the deceased, Russell McKinney, had been accused of raping MG the previous week. As a result of MG's outcry, a 911 call was placed to the Lubbock County Sheriff's Office. A deputy sheriff was dispatched and took an initial report regarding the alleged rape. The deputy advised Mary to go to the sheriff's office the next day to follow up on the report.

Following the report to the sheriff's deputy, appellant and his friend, John Giddings, left the trailer and proceeded to McKinney's trailer home. Appellant and McKinney knew each other, and appellant had become angry at McKinney because McKinney had been in contact with Mary while appellant was out of the trailer home appellant shared with her.

When appellant and Giddings arrived at McKinney's trailer, appellant raced around the trailer until he found a door unlocked. Appellant went in the trailer and proceeded toward McKinney's bedroom. On the way to McKinney's bedroom, appellant found a large metal pipe which he picked up. McKinney was asleep in his bedroom and, as soon as appellant got into the room, he proceeded to beat McKinney with the metal pipe. Appellant admitted to hitting McKinney four to six times with the pipe. His blows struck McKinney on the head, upper torso, arms, and legs. Appellant and

2

Giddings left the trailer only to return to retrieve the pipe and take a "PlayStation" found in the trailer. Appellant admitted that, when he returned to the trailer, he heard McKinney choking on his own blood.

At the conclusion of the testimonial phase of the trial, the trial court presented a proposed jury charge. Contained in the court's charge, in addition to the charge of capital murder, were the lesser-included charges of murder, manslaughter, and aggravated assault. Appellant requested an additional lesser-included offense of criminally negligent homicide. The trial court denied the request for the additional lesser-included offense. The jury subsequently convicted appellant of the greater offense of capital murder. Appellant was sentenced to life in the ID-TDCJ without the possibility of parole.

Appellant appeals contending that the refusal of the trial court to give the lesser-included charge of criminally negligent homicide was reversible error. We disagree and will affirm.

Standard of Review

In reviewing allegations of charge error, we first must ask the question whether there was error in the charge. Sakil v. State 287 S.W.3d 23, 25 (Tex.Crim.App. 2009). If there was error and if the appellant objected to the error at trial, reversal is required if the error is calculated to injure the rights of the appellant. Id. Stated another way, there must be some harm to the appellant. Id. at 25-26. In the case before the Court, the parties agree that appellant's objection to the lack of the lesser-included charge was made at the appropriate time.

Lesser-Included Offenses

A reviewing court applies a two-prong test to determine if an appellant was entitled to a lesser-included instruction. See Hall v. State, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007). The first question requires our determination of "whether the lesser offense actually is a lesser-included offense of the offense charged as defined by article 37.09." Hall v. State, 158 S.W.3d 470, 473 (Tex.Crim.App. 2005); see TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2012).[3] This first question is a question of law that requires the court to compare the elements as alleged. See Hall, 225 S.W.3d at 535-36.

The second prong requires that there be some evidence in the record to permit a rational jury to find, if the appellant is guilty, he is guilty only of the lesser-included offense. See id. at 536. Any evidence more than a scintilla may be sufficient to entitle an appellant to a lesser-included charge. See id. We review the entire record without deciding if the evidence is credible, controverted, or in conflict with other evidence. Hall, 158 S.W.3d at 473. The evidence may show a person is guilty of only the lesser offense if the evidence refutes or negates other evidence that establishes the greater offense, or the evidence may be subject to differing interpretations. Cavazos v. State, 382 S.W.3d 377, 385 (Tex.Crim.App. 2012).

---

[3] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. ____."

Analysis

In the case before the Court, we and the parties agree that criminally negligent homicide is a lesser-included offense of capital murder as a matter of law. See Saunders v. State, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992); see generally art. 37.09. Therefore, we will address only the second prong of the test to determine if the appellant was entitled to the requested lesser-included offense instruction. See Hall, 225 S.W.3d at 535.

In order for appellant to prevail, there must be more than a scintilla of evidence that shows that appellant acted with criminal negligence in causing the death of McKinney. That is to say, there must be more than a scintilla of evidence to show that appellant was unaware of the risk his conduct created. See Mendieta v. State, 706 S.W.2d 651, 653 (Tex.Crim.App. 1986). Appellant contends that his voluntary statement to the police entitles him to a lesser-included offense instruction on criminally negligent homicide because it shows: 1) appellant was so angry that he was unaware of the risk of his conduct, 2) his initial shock at the severity of the result, and 3) upon return to get the metal pipe, no further damage was done to McKinney. However, the record further demonstrates that appellant went to McKinney's residence for the express purpose of giving McKinney some vigilante justice and, in so doing, appellant intended to "kick his ass." Further, appellant stated in his statement that he knew he hurt McKinney. The conclusion we reach is that appellant's actual contention is that he did not intend to cause the amount of damage or severity of injury to McKinney that he caused.

This is the same argument the appellant made in <u>Amis v. State</u>, 87 S.W.3d 582, 586 (Tex.App.—San Antonio 2002, pet. ref'd), and the court rejected the contention that Amis was entitled to an instruction on criminally negligent homicide because Amis testified that he did not intend to cause the amount of harm to the victim. The court held that such testimony did not show that Amis was unaware of the risk his conduct created. <u>Id</u>. Similarly, in <u>Gadsden v. State</u>, 915 S.W.2d 620, 622-23 (Tex.App.—El Paso 1996, no pet.), the court found, even if you could speculate that Gadsden did not intend the result, that does not change his awareness of the risk involved with his conduct. We agree with the reasoning of our sister courts that evidence that merely shows a person did not intend the amount of harm does not necessarily make them unaware of the risk of his or her conduct. <u>See</u> <u>Amis</u>, 87 S.W.3d at 586; <u>Gadsden</u>, 915 S.W.2d at 622-23.

Our review of this entire record demonstrates that, at most, appellant may not have intended the amount of harm that he caused McKinney. However, this does not rise to more than a scintilla of evidence that he was unaware of the risk posed by beating a person multiple times with a metal pipe. <u>See</u> <u>Mendieta</u>, 706 S.W.2d at 653. Thus, the evidence at trial did not show that, if the appellant was guilty, he was only guilty of the lesser-included offense of criminally negligent homicide. <u>See</u> <u>Hall</u>, 225 S.W.3d at 536. As such, appellant was not entitled to a jury charge instruction on criminally negligent homicide and the trial court did not err in denying appellant's request for same. Accordingly, appellant's single issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.